UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DA'JUAN GILMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>BAUDER, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01229-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS DEFENDANT CASTILLO**<br><br>(Doc. 17)<br><br>21-DAY DEADLINE |

Before the Court is Defendants' motion to dismiss this action in its entirety or, in the alternative, to dismiss Defendant Castillo from this action. (Doc. 17.) For the reasons set forth below, the Court recommends that Defendant Castillo be dismissed.

**I. BACKGROUND**

Plaintiff Edward Da'Juan Gilmore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On March 11, 2020, Magistrate Judge Stanley A. Boone issued a screening order, directing Plaintiff to file a first amended complaint curing the deficiencies in his pleading or a notice of intent to proceed on the claim found cognizable. (Doc. 9.) The Court found that the "claims against Defendant Bauder and against Defendant Castillo [were] not properly joined," and ordered Plaintiff to "identify which Defendant he wishes to proceed against." (*Id.* at 22.)

///

On April 10, 2020, Plaintiff filed a first amended complaint, in which he again named both Bauder and Castillo as defendants. (Doc. 11.) On July 15, 2020, the undersigned issued an order finding that the first amended complaint states cognizable claims under section 1983 and directing service of the complaint on Defendants Bauder and Castillo. (Doc. 12.)

Defendants now move to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110, on the ground that Plaintiff failed to comply with the March 11, 2020 screening order. (Doc. 17.) Defendants move, in the alternative, to dismiss Defendant Castillo from this action pursuant to Federal Rule of Civil Procedure 21, on the ground that Defendants are misjoined. (*Id.*)

Plaintiff has not filed an opposition to Defendants' motion, and the time to do so has passed. *See* Local Rule 230(l). Accordingly, the Court finds that Plaintiff has waived any potential opposition. *Id.*

**II.    LEGAL STANDARDS**

    **a.  Dismissal as a Sanction**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Federal Rule of Civil Procedure 41 further provides that the Court may dismiss an action "[i]f the plaintiff fails … to comply with … a court order." Fed. R. Civ. P. 41(b). Finally, "[d]istrict courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). "In determining whether to dismiss a claim for failure

to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

### b. Joinder and Misjoinder of Parties

Federal Rule of Civil Procedure 18 allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). A plaintiff may also bring claims against more than one defendant if (1) the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A plaintiff may not, however, join unrelated claims against multiple defendants in a single action. *See id.*; *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits").

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court "may at any time, on just terms, add or drop a party." *Id.*; *see Coughlin v. Rogers*, 130 F.3d 1348, 1350 ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.") (citations omitted).

## III. DISCUSSION

Plaintiff raises the following claims against Defendant-Correctional Officer Bauder: (1) a claim of excessive force based on an incident where Bauder allegedly closed a cell door on his head on April 8, 2019, (Doc. 11 at 3, 6), (2) a claim of deliberate indifference to serious medical needs stemming from the same incident, (*id.* at 6), (3) a claim that Bauder threatened to pepper spray Plaintiff on July 8, 2019, in retaliation for his reporting Bauder's alleged misconduct to the warden, (*id.* at 6-7), and, (4) claims that Bauder allegedly caused his property to be confiscated on July 28, 2019, and November 11, 2019, in retaliation for filing administrative grievances, (*id.* at 7-8).

3

Plaintiff raises the following claims against Defendant-Correctional Officer Castillo: (1) a claim of excessive force based on an incident where Castillo allegedly slammed Plaintiff into a gate on June 28, 2019, (*id.* at 4-5, 9-10), (2) a claim that Castillo used this excessive force in retaliation for Plaintiff's attempting to speak with a sergeant and to file an administrative grievance against Bauder, (*id.*), and (3) claims that Castillo strip searched Plaintiff, confiscated his legal materials, and told other inmates that he was a snitch on July 1, 2019, in retaliation for reporting Castillo's and Bauder's alleged misconduct to the warden, (*id.* at 10-11).

Defendants contend that the claims against Bauder and the claims against Castillo "do not arise out of the same transaction, occurrence, or series of transactions or occurrences." (Doc. 17-1 at 8.) The Court agrees.

"[T]he 'same transaction' requirement … refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. The claims against Bauder, which stem from incidents on April 8, July 8, July 28, and November 11, 2019, involve different factual backgrounds from the claims against Castillo, which stem from incidents on June 28 and July 1, 2019. Although Plaintiff raises claims of excessive force and retaliation against both defendants, determining whether each defendant committed the alleged misconduct involves examining different sets of facts. The claims against each defendant, in other words, arise out of different transactions or occurrences. Additionally, Plaintiff does not show that the claims against each defendant "arise[s] out of a systematic pattern of events," *id.*, such that they would arise out of a series of transactions or occurrences.

Based on the foregoing, the Court finds that Defendants Bauder and Castillo are improperly joined in this action under Rule 20. The Court, therefore, will recommend that Defendant Castillo be dismissed pursuant to Rule 21. Plaintiff may file a new action against Castillo if he so chooses. *See id.* The Court does not find that severing the defendants will prejudice any substantial right of Plaintiff.[1]

---

[1] For instance, if Defendant Castillo were dismissed, Plaintiff would not be time-barred from refiling the claims against him. *Cf. Jenkins v. Lares*, No. 2:13-cv-2273-DB, 2017 WL 3381809, at *6 (E.D. Cal. 2017). The statute of limitations for section 1983 actions in California is two years, *see Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (citation omitted), and the statute is tolled for an additional two years if and while the plaintiff is imprisoned, unless he is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v.*

4

The Court, however, does not find adequate justification to dismiss this action in its entirety for Plaintiff's failure to comply with the Court's screening order. Although Defendants contend that "Plaintiff's violation of the … order … prejudices Defendants, as they remain improperly joined," the Court does not find such prejudice to be sufficient to warrant dismissal. *See Pagtalunan*, 291 F.3d at 642 (the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal") (citation omitted). Moreover, while "[t]he public's interest in expeditious resolution of litigation … favors dismissal,'" *id.* (citation omitted), "[p]ublic policy favors disposition of cases on the merits," *id.* at 643. And, importantly, a much less drastic alternative exists: dismissing Defendant Castillo from this action.

"[D]ismissal is a harsh penalty and … should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. After weighting the five dismissal factors outlined in *Pagtalunan, supra*, the Court does not find that such extreme circumstances exist here. The Court, therefore, will not recommend dismissal of this action.

## IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **RECOMMENDS** that Defendants' motion to dismiss Defendant Castillo (Doc. 17) be **GRANTED** and that Defendant Castillo and the claims against him be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

---

*Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016).

5

Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 17, 2021**                          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE