UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD DA'JUAN GILMORE,

Plaintiff,

v.

BAUDER,

Defendant.

Case No. 1:19-cv-01229-NONE-SKO (PC)

**ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 90 DAYS**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action. As set forth in its service order, the Court has found that Plaintiff states at least one cognizable claim for relief. (Doc. 12.) On September 28, 2020, the defendants filed an answer to Plaintiff's complaint. (Doc. 16.) On March 24, 2021, the Court dismissed Defendant Castillo from this action. (Doc. 25.)

The Court is referring all civil rights cases filed by *pro se* inmates to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

The Court, therefore, STAYS this action for 90 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and

conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, the Court **ORDERS**:

1. This action is STAYED for 90 days to allow the parties an opportunity to settle their dispute before the discovery process begins. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2. **Within 40 days** from the date of this order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 45 days** from the date of this order, the assigned Deputy Attorney General SHALL contact the undersigned's Courtroom Deputy Clerk at wkusamura@caed.uscourts.gov to schedule the settlement conference.

4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of the Court SHALL serve via email copies of Plaintiff's first amended complaint (Doc. 11), the Court's service order (Doc. 12), and this order to Supervising Deputy Attorney General Lawrence Bragg, and a copy of this order to ADR Coordinator Sujean Park.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

IT IS SO ORDERED.

Dated:   __**March 25, 2021**__                    _____/s/ *Sheila K. Oberto*_____
                                                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD DA'JUAN GILMORE,              Case No. 1:19-cv-01229-NONE-SKO (PC)

12                 Plaintiff,
                                          **NOTICE REGARDING EARLY**
13          v.                            **SETTLEMENT CONFERENCE**

14   BAUDER,

15                 Defendant.

16

17

18          The party believes that an early settlement conference would be productive and wishes to

19   engage in an early settlement conference.

20          Yes _____              No _____

21

22

23          Dated:

24                                        _____

25                                        Plaintiff or Counsel for Defendant

26

27

28