UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DA'JUAN GILMORE,<br><br>Plaintiff,<br><br>v.<br><br>BAUDER,<br><br>Defendant. | Case No. 1:19-cv-01229-NONE-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>(Doc. 30) |

**I.    INTRODUCTION**

Plaintiff Gilmore is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on his first amended complaint for claims of excessive force, retaliation, and deliberate indifference to serious medical needs against Defendant Bauder. (*See* Docs. 11, 12, 25.)

On June 24, 2021, Plaintiff filed a document titled, "Plaintiff seeks Permission and instructions on how to submit new evidence/allegations." (Doc. 30.) Upon review of the document, the Court construes Plaintiff's filing as a motion to file an amended complaint. Plaintiff seeks to add additional allegations of retaliation against Defendant Bauder and former Defendant Castillo concerning events from May 25, 2021, to June 7, 2021. (*See id.*)

**II.    DISCUSSION**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In his motion to amend the complaint, Plaintiff seeks to add allegations of retaliatory actions by Bauder and Castillo that occurred between May 25, 2021, and June 7, 2021. (*See* Doc. 30.) Plaintiff's motion, however, is dated June 8, 2021. (*Id.* at 4.) Given the proximity between the subject incidents and the date Plaintiff submitted his motion, it is clear that Plaintiff failed to exhaust his administrative remedies with respect to the claims raised in the motion. Plaintiff may not bring these "unexhausted claims . . . in court." *Jones*, 549 U.S. at 211 (citation omitted).

**III.    CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion to amend the complaint is DENIED. This order does not preclude Plaintiff from filing a separate action concerning the incidents raised in his motion once he has exhausted his administrative remedies, if otherwise appropriate.

IT IS SO ORDERED.

Dated:   **June 25, 2021**                         /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE