UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DA'JUAN GILMORE,<br><br>        Plaintiff,<br><br>    v.<br><br>BAUDER,<br><br>        Defendant. | Case No. 1:19-cv-01229-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**<br><br>(Doc. 34)<br><br>21-DAY DEADLINE |

Defendant Bauder moves for summary judgment on the grounds that Plaintiff Gilmore failed to exhaust administrative remedies prior to filing suit. (Doc. 34.) For the reasons set forth below, the Court recommends that Defendant's motion be granted.

**I.   BACKGROUND**

Defendant filed the present motion on August 3, 2021. (Doc. 34.) Concurrently with his motion, Defendant served on Plaintiff notice of the requirements for opposing a motion for summary judgment, including a warning that a failure to respond to Defendant's motion may be deemed a waiver of any opposition. (Docs. 34-1, 34-9.) Nevertheless, to date, Plaintiff has failed to respond to Defendant's motion for summary judgment. The Court, therefore, deems any opposition waived and accepts Defendant's proffered facts as true. Fed. R. Civ. P. 56(e); Loc. R. 230(l).

///

## II.     SUMMARY OF FACTS

At the times relevant to this case, Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"). *See generally* Pl.'s First Am. Compl. (Doc. 11). Plaintiff raises the following claims against Defendant-Correctional Officer Bauder: (1) a claim of excessive force based on an incident on April 8, 2019, (2) a claim of deliberate indifference to serious medical needs stemming from the April 8, 2019 incident, (3) a retaliation claim based on Bauder threatening to pepper spray Plaintiff on July 8, 2019, (4) a retaliation claim based on Bauder causing Plaintiff's property to be confiscated on July 28, 2019, (5) a retaliation claim based on Bauder threatening to confiscate Plaintiff's property on October 19, 2019, and (6) a retaliation claim based on Bauder causing Plaintiff's property to be confiscated on November 11, 2019. *Id.* 3-4, 6-8.

Plaintiff filed his original complaint in this action on September 6, 2019. Pl.'s Compl. (Doc. 1.) The complaint contains the abovenamed claims of excessive force and deliberate indifference based on the April 8, 2019 incident, as well as the claim of retaliation based on the July 8, 2019 incident. *Id.* 3-4.

Plaintiff filed an appeal that was received by the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals on June 17, 2019. Moseley Decl. *Id.* ¶ 8 (Doc. 34-5 at 3). Therein, Plaintiff alleged that KVSP staff intentionally failed to submit a staff complaint against Bauder to the KVSP Appeals Office. *Id.* The CDCR Office of Appeals rejected the appeal because Plaintiff had bypassed the lower levels of review. *Id.*

Plaintiff then filed a grievance that was received by the KVSP Appeals Office on July 30, 2019. Leyva Decl. ¶ 11 (Doc. 34-4 at 3). Plaintiff alleged that Correctional Officer Castillo used excessive force against him on June 28, 2019, in retaliation for his attempting to file a complaint against Defendant-Officer Bauder. *See id.* At the second level of review, the KVSP Appeals Office denied the grievance in part as it determined that correctional staff had not violated CDCR policy. *See id.* Plaintiff appealed the decision to the third level of review. Moseley Decl. ¶ 12. The CDCR Office of Appeals denied the appeal at the third level of review on December 16, 2019. *Id.*

Plaintiff did not file any other grievances concerning the April 8, 2019 incident or the July 8, 2019 incident before filing his original complaint on September 6, 2019. *See* Leyva Decl. ¶¶ 7-

2

13; Moseley Decl. ¶¶ 7-14.

Plaintiff filed his first amended complaint on April 10, 2020. Pl.'s First Am. Compl. In addition to the above claims, the amended complaint contains the retaliation claims based on the July 28, October 19, and November 11, 2019 incidents. *Id.* 3-4, 6-8.

Plaintiff filed a grievance that was received by the KVSP Appeals Office on August 15, 2019. Leyva Decl. ¶ 12. Plaintiff alleged that Correctional Officer Tafoya confiscated his property on July 28, 2019. *Id.* Plaintiff withdrew the appeal on September 18, 2019. *Id.*

Plaintiff then filed a grievance that was received by the KVSP Appeals Office on December 5, 2019. Leyva Decl. ¶ 16. Plaintiff alleged that his property was confiscated following a search of his cell on November 11, 2019. *Id.* Plaintiff withdrew the appeal on December 22, 2019. *Id.*

Plaintiff filed no other grievances concerning the incidents on July 28, October 19, or November 11, 2019, before filing his first amended complaint on April 10, 2020. *See* Leyva Decl. ¶¶ 7-18; Moseley Decl. ¶¶ 7-14.

Plaintiff later filed a grievance that was received by the KVSP Appeals Office on January 2, 2020. Leyva Decl. ¶ 17. Plaintiff alleged that Bauder used excessive force against him on April 8, 2019. *See id.* The Appeals Office canceled the grievance because it was untimely. *Id.*

**III.   LEGAL STANDARDS**

   **A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust, and summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him. . ." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170, 1175-76 (9th Cir. 2005).

### C.  CDCR Grievance Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2018), 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

## IV.  DISCUSSION

The Prison Litigation Reform Act requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

At the times relevant to this case, California regulations required prisoners to pursue non-health-related grievances through three levels of review in order to exhaust administrative

1  remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018). A prisoner was
2  required to submit a grievance within 30 days of the event or decision of which the prisoner
3  complained. *Id.* § 3084.8(b) (2018). Regulations provided that an "appeal may be cancelled" if
4  "[t]ime limits for submitting the appeal are exceeded," *id.* § 3084.6(c)(4) (2018); and an "appeal
5  may be rejected" if the "inmate . . . has . . . submitt[ed] an appeal at the third level prior to lower
6  level review," *id.* § 3084.6(b)(15) (2018). A cancellation or rejection (as opposed to a denial on
7  the merits) "does not exhaust administrative remedies." *Id.* § 3084.1(b) (2018).

   As described in section II, *supra*, Plaintiff filed two appeals that mentioned the April 8,
2019 incident prior to filing his original complaint on September 6, 2019.[1] The CDCR Office of
Appeals rejected the first appeal because Plaintiff submitted it directly to the third level of review,
improperly bypassing the lower levels of review. Moseley Decl. ¶ 8. Pursuant to California
regulations, the rejection was proper. Cal. Code Regs. tit. 15, § 3084.6(b)(15) (2018).

   The CDCR Office of Appeals denied the second appeal on the merits at the third level of
review. Moseley Decl. ¶ 12. However, although the appeal mentioned the incident of alleged
excessive force by Officer Bauder, the appeal is a complaint against Officer Castillo, whom
Plaintiff alleged subjected him to excessive force on June 28, 2019, in retaliation for his
attempting to report Bauder's misconduct. *See* Moseley Decl. Ex. 3 (Doc. 34-5 at 17-22). The
KVSP Appeals Office and the CDCR Office of Appeals both processed the appeal as a complaint
against Castillo. *See* Leyva Decl. ¶ 11; Moseley Decl. Ex. 3 (Doc. 34-5 at 15-16). Thus, the
appeal did not exhaust any claim against Bauder. In any event, the Office of Appeals did not deny
the appeal until December 16, 2019, Moseley Decl. ¶ 12—which is after Plaintiff filed his
complaint on September 6, 2019. Thus, Plaintiff did not exhaust the claims raised in the appeal
before filing his complaint. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (the
PLRA "requires exhaustion before the filing of a complaint[;] . . . a prisoner does not comply
with this requirement by exhausting available remedies during the course of the litigation").

   Lastly, as described in section II, *supra*, Plaintiff submitted three additional grievances
regarding claims at issue in this lawsuit before filing his first amended complaint on April 10,

---

[1] As described in section II, Plaintiff filed no appeals concerning the July 8, 2019 incident prior to filing suit.

6

2020. Plaintiff withdrew two of those grievances, Leyva Decl. ¶¶ 12, 16; thus, neither of them exhausted any claims. The third grievance, which concerned the April 8, 2019 incident, was canceled as untimely. Leyva Decl. ¶ 17. The KVSP Appeals Office received the latter grievance in January of 2020, which is well more than 30 days after the subject incident. Pursuant to state regulations, the cancellation was proper. Cal. Code Regs. tit. 15, §§ 3084.6(c)(4) (2018), 3084.8(b) (2018). Thus, this grievance also did not exhaust any claims.

As set forth above, Plaintiff failed to properly exhaust any claims at issue in this action prior to filing his original or first amended complaint. Therefore, this action must be dismissed without prejudice. *See Lira*, 427 F.3d at 1170; *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010).

V. **CONCLUSION AND RECOMMENDATION**

The uncontested evidence shows that Plaintiff failed to exhaust administrative remedies as required by the PLRA. Accordingly, the Court RECOMMENDS that Defendant's motion for summary judgment (Doc. 34) be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2021**           /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

7